# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PHILLIP C. YOUNG,
              Appellant,

      v.

DEPARTMENT OF THE ARMY,
           Agency.

DOCKET NUMBER
DA-0752-13-0564-I-1

DATE: March 20, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Gilbert T. Dunn</u>, San Antonio, Texas, for the appellant.

<u>Faith Fillman</u>, Fort Sam Houston, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal based on a charge of conduct unbecoming a federal employee. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant worked as a vocational nurse for the agency's Brooke Army Medical Center at Fort Sam Houston, Texas. Initial Appeal File (IAF), Tab 6 at 31. In December 2012, two medical center employees made complaints to supervisors regarding the appellant's behavior. IAF, Tab 7 at 34-35. The agency placed the appellant on administrative leave while it conducted an investigation into the employees' allegations. *Id.* at 26-27, 38. The agency's investigator concluded upon completion of multiple interviews of medical center employees that the appellant engaged in inappropriate behavior and sexual harassment based on agency regulations. *Id.* at 131-32.

¶3 Based upon the results of the investigation, the agency proposed to remove the appellant for the charge of conduct unbecoming a federal employee. *Id.* at 17. The charge included four specifications, one for each incident included in the complaints by the two employees that were the subject of the agency's investigation. *Id.* The appellant provided a written reply to the proposal but did not present an oral reply to the deciding official. IAF, Tab 6 at 44-46. The deciding official sustained the charge, reviewed the *Douglas* factors as they

related to the penalty determination, and directed the appellant's removal. *Id.* at 34, 39-42.

¶4    The appellant initiated a Board appeal challenging his removal and requested a hearing. IAF, Tab 1 at 2-3. In addition, the appellant alleged that his due process rights were violated during the removal process. *Id*. at 3. The administrative judge conducted a prehearing conference during which he identified the issues to be adjudicated and approved witnesses to testify at the hearing. IAF, Tab 11 at 1-3. The appellant objected to the administrative judge's denial of his request to call the agency representative as a witness. *Id.* at 3. The appellant subsequently withdrew his request for a hearing. IAF, Tab 19 at 1. The parties submitted additional evidence and argument for the administrative judge to make a decision based on the record. IAF, Tabs 21, 23. The administrative judge issued an initial decision that found the agency proved all four specifications of the charge and sustained the removal. IAF, Tab 29, Initial Decision (ID) at 6, 10, 16. He found that the agency did not unreasonably delay taking the adverse action and the appellant did not demonstrate how any alleged delay prejudiced his ability to defend the appeal. ID at 11-12. The administrative judge also found that the agency did not violate the appellant's due process rights because he failed to identify any procedures or rights that the agency denied to him. ID at 13-14.

¶5    The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response to which the appellant has filed a reply. PFR File, Tabs 4, 6.

The agency did not violate the appellant's due process rights.

¶6    The appellant has not challenged on review the administrative judge's finding that the agency proved its charge. The Board normally will consider only issues raised in a timely filed petition for review. 5 C.F.R. § 1201.115. We see no reason to disturb this finding on review.

¶7    The appellant continues to argue on review, as he did below, that the agency denied him due process throughout the adverse action and appeal process. PFR File, Tab 1 at 2, 5-6, Tab 6 at 1. He argues that the agency's legal representative was the de facto deciding official based on assistance she provided to the individual named as the deciding official. PFR File, Tab 6 at 1-2. After the agency proposed his removal and before submitting his written reply to the charge, the appellant requested that the agency make available for interview all witnesses it interviewed during its investigation. IAF, Tab 7 at 8. He also requested an extension of at least 180 days to make his reply, along with clarification of the actual charge against him. *Id.* at 14-15. Finally, the appellant requested the personnel folder of one of the two employees who accused him of inappropriate behavior. [2] IAF, Tab 6 at 45. We disagree that the agency's denials of these requests amounted to due process violations. *See id.*

¶8    The U.S. Supreme Court has previously concluded that the essential requirements of constitutional due process for a tenured public employee are: (1) notice of the charges against him, with an explanation of the evidence; and (2) an opportunity for the employee to present his account of events. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). The Court concluded that to require more prior to termination, "would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee." *Id.*

¶9    It is undisputed that the agency provided written notice of the charges to the appellant along with the underlying materials. IAF, Tab 7 at 8-9. The agency

---

[2] The appellant included in his written reply an offer to appear before the deciding official to answer questions under oath and to take a polygraph examination. IAF, Tab 6 at 45. However, 5 U.S.C. § 7513(b)(2) does not provide an employee with any response rights beyond the opportunity to make a written and oral reply and furnish affidavits and other documentary evidence in support of the employee's answer, unless agency regulations provide additional benefits. 5 U.S.C. § 7513(b)-(c). The appellant submitted no evidence of any agency regulations that provided for the meeting as he requested. Therefore, the agency had no obligation to grant the appellant's request.

provided its table of penalties to the appellant and a new electronic copy of all materials when the appellant informed the agency that the original disc was not functional. *Id.* at 6, 205-19. The agency denied the appellant's request for a 180-day extension but granted an additional 20 days for him to make his reply. *Id.* at 5. The agency representative confirmed that the appellant wished to make an oral reply and provided the deciding official's availability with instructions that the appellant should advise what time option worked for him. *Id.* at 6. Yet, the appellant did not exercise his right to present an oral reply of his account of events. The agency denied his requests to interview witnesses, have unrestricted access to the facility while on administrative leave, have access to the personnel files of the two employees that complained about his conduct, and answer questions under oath at an additional meeting before his oral reply. *Id.* at 4-6. The agency indicated it was denying these requests because the appellant had no statutory or constitutional right to these procedures at that point in the process.[3] Based on our review, we agree with the administrative judge's finding that the appellant did not prove that he was denied due process.

¶10    Although the agency's conduct was not a constitutional violation, we must still decide whether the agency committed harmful error. *See Ward v. U.S. Postal Service*, 634 F.3d 1274, 1281-83 (2011). The Board will not sustain an agency decision if the appellant shows harmful error in the application of the agency's procedures or the protections found in 5 U.S.C. § 7513(b), which include advance written notice of a proposed adverse action and at least 7 days to respond. 5 U.S.C. §§ 7513(b), 7701(c)(2)(A); *Campbell v. U.S. Postal Service*, 95 M.S.P.R. 185, ¶¶ 8, 10 (2003). To show harmful error, an appellant must prove that any procedural error substantially prejudiced his rights by

---

[3] The appellant was informed of his right to engage in discovery as part of the appeal process. IAF, Tab 2 at 2. During the discovery process, the appellant could have deposed the various witnesses that he sought to question prior to his removal. *See* 5 C.F.R. § 1201.72(c). However, there is no evidence that he exercised these rights.

possibly affecting the agency's decision. *Salter v. Department of the Treasury*, 92 M.S.P.R. 355, ¶ 7 (2002). The appellant has not submitted below or on review any law, rule, or regulation that required the agency to comply with any of his requests. In addition, the appellant has not shown that, even if the agency had complied, it would have reached a different outcome. Therefore, we discern no harmful procedural error.

The penalty of removal is within the range of reasonableness based on the deciding official's review of the *Douglas* factors.

¶11    The appellant alleges on review that, when assessing which penalty to impose, the deciding official did not consider the mitigating factors. PFR File, Tab 1 at 1. The administrative judge found the deciding official properly considered all relevant *Douglas* factors. ID at 15-16. We agree.

¶12    Where, as here, the agency's charge has been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *See Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). The Board's function in this regard is not to displace management's responsibility but to assure that managerial judgment has been properly exercised. *Id.* at 302. In evaluating a penalty, the Board will consider, first and foremost, the nature and seriousness of the misconduct and its relationship to the employee's duties, position, and responsibilities. *Gaines v. Department of the Air Force*, 94 M.S.P.R. 527, ¶ 9 (2003). Even a single instance of indecent and disgraceful conduct toward a coworker can support a penalty of removal. *Stephens v. Department of the Air Force*, 58 M.S.P.R. 502, 506 (1993).

¶13    The appellant's allegation that the deciding official did not consider the *Douglas* factors is contradicted by the evidence in the record detailing the deciding official's review and signed by him. IAF, Tab 7 at 39-42. The deciding official considered the appellant's prior work record and lack of any prior discipline of a similar nature but found the appellant was a poor candidate for

rehabilitation because of multiple accusations. IAF, Tab 6 at 40-41. The deciding official also noted that removal was within the range of the agency's table of penalties. *Id.* Therefore, we find that the appellant has not shown that the deciding official failed to consider the *Douglas* factors in assessing the penalty. The administrative judge found the deciding official properly considered the *Douglas* factors and that the penalty promoted the efficiency of the service. ID at 16. We agree that the penalty was reasonable given the seriousness of the conduct and that the appellant engaged in this conduct towards multiple female employees. *See Cisneros v. Department of Defense*, 83 M.S.P.R. 390, ¶ 20 (1999) (removal for inappropriate comments and physical contact was reasonable in view of the seriousness of the appellant's sexual misconduct, particularly its continual, unrelenting nature, its pervasiveness, its perpetuation on several female employees, and his position as a supervisor), *aff'd*, 243 F.3d 562 (Fed. Cir. 2000) (Table).

<u>None of the appellant's procedural claims warrant reversal of the initial decision.</u>

¶14     The appellant continues to allege that the administrative judge erred when he denied the appellant's request to call the agency representative as a witness. PFR File, Tab 1 at 5. He argues that the agency's representative was the true deciding official because she was copied on the response to his Freedom of Information Act (FOIA) request, the deciding official directed the appellant to provide his written reply to the legal office because he was not available, and a statement by the representative provided that questions about the process could be referred to her and that she would respond. *Id.* at 1, 5; Tab 6 at 1-2.

¶15     As a general rule, the federal courts have not permitted a party to call opposing counsel as a witness unless there is a compelling need for the lawyer's testimony. *See* Restatement (Third) of the Law Governing Lawyers § 108(4) (2000) ("A tribunal should not permit a lawyer to call opposing trial counsel as a witness unless there is a compelling need for the lawyer's testimony."); *see also United States v. Dupuy*, 760 F.2d 1492, 1498 (9th Cir. 1985); *U.S. v.*

*Alu*, [246 F.2d 29](#), 33-34 (2d Cir. 1957); *Gulf Group General Enterprises Co. W.L.L. v. United States*, 98 Fed. Cl. 647, 651 (Fed. Cl. 2011) (citing *Shelton v. American Motors Corp.*, [805 F.2d 1323](#), 1327 (8th Cir. 1986), for one test used to determine when such testimony will be permitted). We find the general rule also to be applicable to Board proceedings. However, applying this general rule, the appellant did not have a compelling need to call the agency's representative because he could have obtained the testimony that he sought through other witnesses. The appellant could have called the deciding official to testify at the hearing regarding his role in the adverse action process. The administrative judge approved the deciding official as a witness prior to the appellant's decision to withdraw his hearing request. IAF, Tab 11 at 2-3. In addition, the agency proposed to call a Management Employee Relations Specialist to testify regarding his involvement in advising management on the removal. IAF, Tab 9 at 8. The administrative judge also approved this individual as a witness. IAF, Tab 11 at 2. The appellant could have questioned the witness during the hearing regarding his testimony and his sworn statement submitted by the agency regarding his involvement in this appeal. IAF, Tab 21 at 27-29. Because the appellant could have obtained the information he was seeking through other witnesses, we find no compelling need for the agency's representative's testimony and affirm the administrative judge's denial of the witness request.

¶16 Next, the appellant alleges that the administrative judge denied him a subpoena for one of his witnesses. PFR File, Tab 1 at 5. A party may request a subpoena to obtain the testimony of a witness and the Board has the authority to issue a subpoena requiring the witness's attendance. [5 C.F.R. § 1201.81](#)(a). The administrative judge advised the appellant of his right to request a subpoena for the witness. IAF, Tab 14 at 1-2. The administrative judge advised the appellant 10 days later in an order that he needed to provide the witness's contact information for the subpoena to be prepared. IAF, Tab 16 at 1-2. There is no evidence in the record that the appellant provided this information to anyone in

9

the regional office. Under these circumstances, we find that the administrative judge did not deny the appellant the subpoena.

We decline to consider evidence presented for the first time on review because the appellant did not exercise due diligence.

¶17    On review, the appellant presents new evidence the agency gave him in response to his FOIA request. PFR File, Tab 1 at 1, 5. Under 5 C.F.R. § 1201.115, the Board normally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The information provided by the appellant concerns other employees at the Brooke Army Medical Center who were charged with the offense of conduct unbecoming a federal employee. PFR File, Tab 1 at 7. The appellant presents no evidence that he requested this information during the discovery process. *See Figueroa v. Department of Homeland Security*, 119 M.S.P.R. 422, ¶¶ 9-12 (2013) (discovery allowed for disciplinary action of potential comparator employees for similar misconduct because it may lead to information that similarly-situated employees were treated differently). Further, he did not file a motion to compel below and, in this regard, failed to exercise due diligence. *See Nelson v. Veterans Administration*, 22 M.S.P.R. 65, 68-69 (1984). Because there is no evidence that the appellant sought to obtain this information during discovery, the Board will not consider this information on review.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court"s Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.